UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM CRENSHAW,

                Petitioner,

-vs-

SUPERINTENDENT OF FIVE POINTS
CORRECTIONAL FACILITY,

                Respondent.

**No. 02-CV-6623(VEB)**
**DECISION AND ORDER**

## I.      Introduction

*Pro se* petitioner William Crenshaw ("Crenshaw") has filed a motion for reconsideration

(Docket No. 42) and a motion to alter the judgment (Docket No. 46) of this Court dismissing his

petition for a writ of habeas corpus.[1] Crenshaw claims, *inter alia*, that he is entitled to relief

under FED. R. CIV. P. 59 and 60(b) based on newly discovered evidence of his

innocence–namely, a confession allegedly signed by one Michael McCoy ("McCoy") stating that

he committed the crime for which Crenshaw stands convicted. Because Crenshaw did not

provide the Court with a copy of the alleged confession signed by McCoy, the Court directed

Crenshaw to supplement his motion with the relevant documents. Per the Court's Order,

Crenshaw has submitted a copy of the statement signed by McCoy on which he bases his claim

of newly discovered evidence; copies of the C.P.L. § 440.10 motion papers Crenshaw  filed in

state court in order to exhaust the claim of newly discovered evidence; and copies of Monroe

County Court order denying the C.P.L. § 440.10 motion based on the discovered evidence claim.

---

[1]      The parties consented to final disposition of the instant habeas proceeding by a magistrate
judgment pursuant to 28 U.S.C. § 636(c)(1). (Docket No. 12).

II.     **Discussion**

      A.      **Rule 59 Motion for Reconsideration**

In order to prevail on a motion for reconsideration, the moving party faces stringent requirements. *E.g.*, *In re C-TC 9 Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y. 1995) (cited in *Graziano v. Lape*, No. 904CV0084LEKGJD, 2005 WL 1176567, *1 (N.D.N.Y. 2005) (denying reconsideration of order denying petitioner's motion to amend his § 2254 habeas corpus petition to add an additional claim). A court's rulings on a motion for reconsideration are "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Id.* (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983)). Generally, the courts recognize only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Id.* (citing *Wilson v. Consolidated Rail Corp.*, 815 F. Supp. 585, 586 (N.D.N.Y. 1993) (citing in turn *McLaughlin v. New York*, 784 F. Supp. 961, 965 (N.D.N.Y. 1992)); *accord Graziano v. Lape*, 2005 WL 1176567, at *1.

      In addition, there is an inflexible filing deadline applicable to a Rule 59 motion for reconsideration. Under Rule 59(b), such a motion must be brought within ten (10) days after entry of the judgment on which reconsideration is sought. FED. R. CIV. P. 59(b). As respondent has argued (Docket No. 43), to the extent that Crenshaw seeks relief under Rule 59, his motion is clearly untimely since it was filed eight (8) months after entry of this Court's judgment dismissing his habeas petition on June 7, 2005. (Docket No. 38). Crenshaw filed his motion for reconsideration on March 31, 2006. (Docket No. 42). Accordingly, Crenshaw's motion for

reconsideration (Docket No. 42) must be denied.

### B.    Rule 60(b) Motion for Relief from Judgment

Rule 60(b) provides a party with the opportunity to seek relief from a prior judgment for

the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or
> other misconduct by an opposing party; (4) the judgment is void; (5) the judgment
> has been satisfied, released, or discharged . . .; (6) any other reason that justifies
> relief.

FED. R. CIV. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time-and

for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the

date of the proceeding." FED. R. CIV. P  60(c). The Second Circuit has held that "[a] district

court's decision to grant relief under Rule 60(b) is reviewed for 'abuse of discretion.'" *Harris v.

United States*, 367 F.3d 74, 79 (2d Cir. 2004) (citing *Israel v. Carpenter*, 120 F.3d 361, 365 (2d

Cir.1997)

As noted above, Crenshaw filed his motion for reconsideration on March 31, 2006, eight

(8) months after judgment dismissing his habeas petition. He did not file his motion for relief

from judgment until December 4, 2006 (Docket No. 46), eight (8) months after respondent

opposed his earlier motion for reconsideration on the grounds that it was untimely. Because

Crenshaw is proceeding under Rule 60(b)(2), his motion needed to have been filed one (1) year

within the date of entry of the judgment against him. Thus, his Rule 60(b)(2) motion had to have

been filed by June 7, 2006. However, it was not filed until six (6) months later. That alone

provides a basis for dismissing the Rule 60(b) motion.

The Court is mindful that Crenshaw is proceeding *pro se*. Thus, the Court shall treat

Crenshaw's earlier motion for reconsideration, which was filed within one (1) year of the judgment dismissing his habeas petition, as a motion for relief from judgment. Although untimely under Rule 59(b), the first motion was timely under Rule 60(b). However, as discussed further below, it nevertheless must be dismissed.

### 1.    Rule 60(b) and Second and Successive Habeas Petitions

"A motion under Rule 60(b) and a petition for habeas have different objectives." *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001). Habeas petitions seek to invalidate an underlying criminal conviction, whereas Rule 60(b) motions only seek to vacate a judgment, such as a judgment dismissing a habeas petition. *Id.* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts habeas petitioners to filing only one petition for a writ of habeas corpus in a federal district court. 28 U.S.C. § 2244(a). Title 28 U.S.C., Sections 2244(b)(l)-(3) "impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3)." *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005). The Supreme Court further held "that a 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id.* at 530. AEDPA, the Supreme Court held in *Gonzalez*, precludes a petitioner from litigating a claim that has been previously denied on the merits in a second or successive

petition for habeas relief. In addition, the petitioner must get permission from the court of appeals for the circuit in order to raise a new claim in a second or successive petition. *Id.*

### 2.    Availability of Rule 60(b) Relief in Habeas Proceedings

In short, Rule 60(b) motions may be brought in habeas proceedings, but relief is available "only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris*, 367 F.3d at 77; *Gonzalez*, 545 U.S. at 532 (holding that a Rule 60(b) motion may be appropriate if there is "some defect in the integrity[2] of the federal habeas proceedings" ).  Federal courts have held that a Rule 60(b) motion that challenges the petitioner's underlying criminal conviction rather than the district court's judgment dismissing the habeas petition may either (1) deem it a second or successive habeas petition, and send it to the court of appeals for possible certification, or (2) deny it as beyond the scope of Rule 60(b). *E.g.*, *Harris*, 367 F.3d at 82; *see also Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002) (holding that a district court may choose to dismiss part of a Rule 60(b) motion as beyond the scope of the rule if such part of the motion seeks to attack the underlying conviction while the other portion legitimately attacks the integrity of the prior habeas proceeding).[3]

---

[2]     "Fraud on the federal habeas court is one example of such a defect." *Gonzalez*, 545 U.S. at 532 n. 5 (citing *Rodriguez v. Mitchell*, 252 F.3d at199 (stating that a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial")). The Supreme Court noted in *Gonzalez* that an attack based on the petitioner's own conduct or his habeas counsel's omissions "ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.*

[3]     *See also Mercedes v. Kelly*, No. 99 Civ. 2473(SWK), 2007 WL 1522613, at *1 (S.D.N.Y.2007). In *Mercedes*, the district the court denied a *pro se* petitioner's Rule 60(b) motion in its entirety and held that, "[t]o the extent that Mercedes's Rule 60(b) motion seeks to challenge his conviction, this time with the benefit of

The Supreme Court held in *Gonzalez* that motions seeking to introduce newly discovered evidence in support of a previously denied claim are, in essence, second or successive habeas petitions. *Gonzalez*, 545 U.S. at 531. Specifically, the Supreme Court held that "[a] habeas petitioner's filing that seeks vindication of such a [previously denied] claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the [AEDPA]. " *Id.* (citing 28 U.S.C. § 2254 Rule 11).  In sum, a Rule 60(b) motion is not proper if it "circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts"  and "the requirement that a successive habeas  petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Gonzalez*, 545 U.S. at 531-32 (citing 28 U.S.C. § 2244(3)); *accord*, *e.g.*, *Ackridge v. Barkley*, No. 06 Civ. 3891(CS)(LMS), 2008 WL 4555251, at *1 (S.D.N.Y. Oct. 7, 2008) (order adopting report and recommendation).  Indeed, district courts in this circuit have noted that "'[t]he most popular avenue' for circumventing AEDPA's limitation on successive habeas petitions is by way of a Rule 60(b) motion that attacks a district court judgment denying a petition.'" *McLean v. McGinnis*, No. 97-CV-3593 (JG), 2008 WL 312765, at *4 (E.D.N.Y. Feb. 4, 2008) (quoting *Rogers v. Artuz,* No. 00-2718(JBW), 2007 WL 4209423, at *1 (E.D.N.Y. Nov. 30, 2007)).

---

newly-discovered evidence and subsequent Supreme Court decisional law, it is denied as 'beyond the scope of Rule 60(b).'" The remaining portion of the petitioner's motion was denied as being time barred. *Id.* (citing *Gitten*, 311 F.3d at 534); *Pimentel v. United States*, Nos. 96 Civ. 5891(JFK), 91 Cr. 83(JFK), 2008 WL2151796, at *5 (S.D.N.Y. 2008). In *Pimentel*, the petitioner brought a Rule 60(b) motion challenging the denial of his habeas petition and argued, among other things, that a newly submitted witness declaration was "newly discovered evidence of his innocence and that the Government committed fraud and violated its *Brady* obligations by failing to disclose this evidence at trial." *Id.* In denying the Rule 60(b) motion, the district court held that "[t]o the extent that Pimentel argues that this declaration is proof of his innocence . . . a Rule 60(b) motion is the wrong vehicle to bring these claims." *Id.* at *8. The district court further explained that "[a]ny attack on his conviction based on th[e] [new] declaration must be brought through a second habeas petition . . . ." *Id.*

Here, Crenshaw's claim of newly discovered evidence does not challenge the integrity of

his habeas petition. Crenshaw has submitted a 2003 document purporting to be an affidavit by a

fellow inmate, Michael McCoy, which he offers as additional newly discovered evidence that he

had not presented to the Court in his habeas petition. (Crenshaw's habeas petition was filed in

2002, and he claims he did not obtain this statement from McCoy until 2003). To the extent that

Crenshaw argues that this declaration is proof of his innocence because McCoy committed the

crime for which he (Crenshaw) was convicted, a Rule 60(b) motion is the wrong vehicle. *Accord*

*Pimentel v. United States*. This is because Rule 60(b) is "'only available with respect to a

previous habeas proceeding when the motion challenges the integrity of the habeas proceeding.

The rule cannot be used to attack the underlying criminal conviction.'" *Id.* (quoting *Grullon v.*

*United States*, 99 Civ. 1877, 2004 U.S. Dist. LEXIS 16878 at *10, 2004 WL 1900340 (S.D.N.Y.

Aug. 24, 2004) and citing *Harris v. United States*, 367 F.3d 74, 77 (2d Cir.2004)). McCoy's

affidavit is relevant only to the constitutionality of Crenshaw's underlying conviction and not to

the integrity of this habeas proceeding. Accordingly, insofar as Crenshaw's motion attacks his

underlying conviction with the benefit of newly discovered evidence, it is dismissed as beyond

the scope of Rule 60(b). *Accord Mercedes v. Kelly*, 2007 WL 1522613, at *3; *McLean*, 2008 WL

312765, at *4 ("Here, McLean's real challenge is to the underlying conviction, not to the

integrity of the habeas proceeding resolved by me ten years ago. His attempt to file a new

challenge under the guise of a Rule 60(b) motion is therefore in vain.").

### 3.      Transfer to the Circuit for Section 2244(b) Certification

Furthermore, the Court does not believe that it would be a prudent use of judicial

resources to transfer the case to the Second Circuit for permission to file a second petition in this

Court. This is because Crenshaw, during the pendency of the motions in this Court,

unsuccessfully moved the Second Circuit for an order authorizing a second petition. A review of

the docket sheet in this case indicates that on June 19, 2007, the Second Circuit issued a Mandate

denying Crenshaw's Notice of Appeal and denying his request for certification of a second or

successive petition. (Docket No. 47). Specifically, the Second Circuit stated,

> Without deciding whether a stand-alone claim of actual innocence based on newly
> discovered evidence is cognizable in a federal habeas court, *see House v. Bell*,
> ___ U.S. ___, 126 S. Ct. 2064 (2006); *Herrera v. Collins*, 506 U.S. 390 (1993), or
> whether, if cognizable, such a claim would be subject to the Anti-Terrorism and
> Effective Death Penalty Act's requirements for second or successive habeas
> petitions, we conclude that Petitioner has not satisfied the most lenient standard
> for such a claim. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). We also note that
> Petitioner has not included with his application a copy of the affidavit in which
> another individual allegedly confesses to Petitioner's crime. Petitioner is not
> barred from filing another application containing more compelling evidence of
> innocence than that currently before us.

(Docket No. 47). Four months later, on November 3, 2007, the Second Circuit issued another

Mandate denying Crenshaw's application for an order authorizing this Court to consider a

second habeas petition because he had failed to satisfy the criteria set forth in 28 U.S.C. §

2244(b). (Docket No. 48). The Second Circuit held that Crenshaw had "not proffered evidence

that would satisfy even the most lenient standard for such a claim–'that it is more likely than not

that no reasonable juror would have found [him] guilty beyond a reasonable doubt.' *House v.*

*Bell*, . . . 126 S.Ct. [at] 2077 [ ]." (Docket No. 48). It thus appears that Crenshaw re-submitted his

request for certification to the Second Circuit along with a copy of McCoy's affidavit. Because

the Second Circuit has already considered the substance of Crenshaw's newly discovered

evidence and found it unpersuasive under the most lenient review standard available, it does not

make sense for this Court to transfer Crenshaw's Rule 60(b) motion to the Second Circuit for

certification.

### III.     Conclusion

For the foregoing reasons, Crenshaw's Rule 59 motion for reconsideration is denied as

time-barred. Crenshaw's Rule 60(b) motion for relief from judgment is also time-barred and, in

any event, is outside the scope of Rule 60(b) because it attacks the constitutionality of his

underlying criminal conviction, and essentially is an attempt to file a second or successive

habeas petition. Additionally, since the Second Circuit has already considered and rejected

Crenshaw's newly discovered evidence claim, the Court declines to transfer Crenshaw's Rule

60(b) motion to that court for certification as a second petition. I decline to issue a certificate of

appealability because Crenshaw has failed to make a substantial showing of the denial of a

constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: January 14, 2009
          Rochester, New York